UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD LEVAUGH BLOCK JR., <br><br> Plaintiff, <br><br> -vs- <br><br> EQUIFAX INFORMATION SERVICES LLC and KOHL'S, INC., <br><br> Defendants. | CASE NO. 1:24-cv-02033-TWT-LTW |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, DONALD LEVAUGH BLOCK JR. (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax") and KOHL'S, INC. (hereinafter "Kohl's") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and violations described in this Complaint occurred in this District.

9. Plaintiff is a natural person and resident of Tulare County in the State of California. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13. Kohl's is a corporation with its principal place of business in the State of Wisconsin and is authorized to do business in the State of Georgia through its registered agent, Corporate Creations Network Inc., located at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia, 30006.

14. Kohl's is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

15. Kohl's furnished information about Plaintiff to Equifax which was inaccurate.

## FACTUAL ALLEGATIONS

16. Plaintiff is alleged to owe a debt to Kohl's, partial account number ending in x5770, as to a Kohl's/Capital One credit card (hereinafter "Kohl's Account"). Plaintiff does not have a Kohl's credit card and never applied or gave permission to anyone to apply using his information for the Kohl's Account.

17. Plaintiff is a victim of identity theft.

18. On or about February 18, 2024, Plaintiff received alerts through his credit monitoring app regarding several new inquiries which were not initiated by Plaintiff.

19. Further, Plaintiff started to receive letters in the mail regarding attempts to open new accounts for which Plaintiff had not applied.

20. Shortly thereafter, Plaintiff reviewed his Equifax credit report and observed the erroneous Kohl's Account.

21. Plaintiff contacted Equifax to dispute the Kohl's Account as fraudulent.

22. Plaintiff did not receive dispute results from Equifax. However, upon review of his updated Equifax credit report, Plaintiff observed the Kohl's Account

4

continued to be reported with a comment which stated, "Consumer disputes after resolution".

23. Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

24. Equifax never attempted to contact Plaintiff during the alleged investigation.

25. Upon information and belief, Equifax notified Kohl's of Plaintiff's dispute. However, Kohl's failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

26. On or about February 29, 2024, Plaintiff obtained an updated copy of his Equifax credit report. Upon review, Plaintiff observed that the Kohl's Account continued to be reported. Further, the Kohl's Account was reported as having been opened on February 18, 2024, and closed in February 2024.

27. On or about March 6, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 169870777. In this report, he explained that he was a victim of identity theft, and that the erroneous and fraudulent Kohl's Account was listed in his credit report.

28. Due to the inaccurate reporting, on or about March 26, 2024, Plaintiff mailed a detailed dispute letter to Equifax. In the letter, Plaintiff explained that he

was a victim of identity theft. Further, Plaintiff explained that the Kohl's Account did not belong to him. To confirm his identity, Plaintiff included a copy of his driver's license in the letter. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, number 169870777, and other supporting documents.

29. Plaintiff mailed his detailed dispute letter to Equifax via USPS Certified Mail, tracking number 7022 1670 0001 6097 4006.

30. Despite confirmation of delivery on April 1, 2024, Plaintiff did not receive dispute results in the mail from Equifax. However, upon review of his updated Equifax credit report, on or about May 1, 2024, Plaintiff was relived to observe the erroneous Kohl's Account had been removed from his credit report.

31. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii. Loss of time attempting to cure the errors;

    iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of

life; Plaintiff is being physically affected by Defendants' actions; and

iv. Apprehensiveness to apply for new credit due to the fear of rejection.

**CAUSES OF ACTION**

**COUNT I**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

32. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

33. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

34. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

35. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

36. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

37. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, DONALD LEVAUGH BLOCK JR., respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

38. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

39. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

40. Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

41. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

42. The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

43. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, DONALD LEVAUGH BLOCK JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

44. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

45. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

46. Despite the large amount of information produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Kohl's.

47. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

48. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

49. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, DONALD LEVAUGH BLOCK JR., respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

50. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

51. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

52. Despite the large amount of information produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent

investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Kohl's.

53. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

54. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

55. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, DONALD LEVAUGH BLOCK JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, Kohl's, Inc. (Negligent)

56. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

57. Kohl's furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

58. After receiving Plaintiff's disputes, Kohl's violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Equifax; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

59. Plaintiff provided all the relevant information and documents necessary for Kohl's to have identified that the alleged account was fraudulent.

60. Kohl's did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Kohl's by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

61. Kohl's violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

62. As a direct result of this conduct, action, and/or inaction of Kohl's, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

63. The conduct, action, and inaction of Kohl's was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

64. Plaintiff is entitled to recover costs and attorney's fees from Kohl's in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, DONALD LEVAUGH BLOCK JR., respectfully requests that this Court award actual damages against Defendant, KOHL'S, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

# COUNT VI
## Violation of 15 U.S.C. § 1681 s-2(b) as to
## Defendant, Kohl's, Inc. (Willful)

65. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

66. Kohl's furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

67. After receiving Plaintiff's disputes, Kohl's violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Equifax; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

68. Plaintiff provided all the relevant information and documents necessary for Kohl's to have identified that the alleged account was fraudulent.

69. Kohl's did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Kohl's by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if

it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

70. Kohl's violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

71. As a direct result of this conduct, action, and/or inaction of Kohl's, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

72. The conduct, action, and inaction of Kohl's was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

73. Plaintiff is entitled to recover costs and attorney's fees from Kohl's in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, DONALD LEVAUGH BLOCK JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, KOHL'S, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal

rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DONALD LEVAUGH BLOCK JR., respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC and KOHL'S, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 16th day of May 2024.

Respectfully submitted,

***/s/ Octavio Gomez, Esq.***
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
Tav@TheConsumerLawyers.com
Lisa@TheConsumerLawyers.com
*Attorney for Plaintiff*